IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CTC COMMUNICATIONS GROUP, INC.,<br>CTC COMMUNICATIONS CORP.,<br>CTC COMMUNICATIONS OF VIRGINIA,<br>INC., AND CTC COMMUNICATIONS<br>LEASING CORP.,<br><br>Debtors. | Chapter 11<br><br>Case No. 02-12873 (PJW)<br><br>(Jointly Administered) |
| THE CTC LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TELECOM REALTY, LLC,<br><br>Defendant. | Adversary Proceeding No. 04-55729 |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF**

The CTC Litigation Trust (the "Trust"), by and through its undersigned counsel, hereby complains against Telecom Realty, LLC (the "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, because it arises in and is related to the Chapter 11 case, In re CTC Communications, Group Inc., et al., Case No. 02-12873, pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

508424.1 9/30/04

2.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (F) and (O).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4.  The Trust was created pursuant to the Debtors' (defined below) Second Amended Joint Plan of Reorganization (the "Plan").[1] Pursuant to the Plan, the Trust is authorized to, among other things, resolve, liquidate and realize upon certain assets as the successor to and representative of the Debtors' bankruptcy estates. These assets include, without limitation, certain causes of action arising under Chapter 5 of the Bankruptcy Code (collectively, the "Retained Actions").

5.  Upon information and belief, Defendant is a resident of 220 Bear Hill Road, Waltham, MA, 02154.

## FACTUAL ALLEGATIONS

6.  On October 3, 2002 (the "Petition Date"), CTC Communications Group, Inc. and certain affiliates (collectively, "the Debtors") filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

7.  On or within one (1) year prior to the Petition Date (the "Preference Period"), one or more of the Debtors transferred its property to or for the benefit of the Defendant in the aggregate amount of at least $2,080,320.44 (the "Transfers"), as set forth in Exhibit A hereto.

8.  Defendant was, at all material times, a creditor of the Debtors.

---

[1] The Plan was confirmed by an order of this Court dated November 20, 2003 (the "Confirmation Order"), and became effective as of December 16, 2003 (the "Effective Date").

9. Upon information and belief, Defendant was an insider of the Debtors for purposes of section 101(31) and 547(b) of the Bankruptcy Code.

10. Upon information and belief, the Debtors made each of the Transfers to the Defendant on account of an antecedent debt owed by the Debtors to the Defendant.

11. The Debtors were insolvent at the time they made each of the Transfers to the Defendant.

12. With respect to each of the Transfers, the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) this case were a case under Chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) the Defendant received payment of its debt to the extent provided under the provisions of the Bankruptcy Code.

13. On or around July 14, 2004, counsel for the Trust sent a letter (the "Demand Letter") to the Defendant demanding that the Defendant return $2,080,320.44 to the Trust.

14. As of the date hereof, the Defendant has not returned $2,080,320.44 to the Trust.

**COUNT I**
**(Avoidance and Recovery of Preferential Transfers under 11 U.S.C. §§ 547 and 550)**

15. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 14 of this Complaint.

16. Section 547(b) of the Bankruptcy Code renders avoidable by the Trust any:

transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

      (b)    between ninety (90) days and one (1) year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

* * * *

      (5)    that enables such creditor to receive more than such creditor would receive if—

          (A)    the case were a case under chapter 7 of this title;

          (B)    the transfer had not been made; and

          (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

17. The Trust is entitled to avoid each of the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

18. The Trust is entitled to recover from Defendant the value of each of the Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code.

## COUNT II
### (Avoidance and Recovery of Fraudulent Transfers under 11 U.S.C. §§ 548(a) and 550)

19. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 18 of this Complaint.

20. The Transfers were made within one (1) year of the Petition Date.

21. The Transfers constituted a transfer of an interest of property of the Debtors.

22. Upon information and belief, the Transfers constitute a fraudulent transfer within the meaning of 11 U.S.C. § 548(a), in that they:

      (a)    were made with actual intent to hinder, delay or defraud entities to whom the Debtors were or became, on or after the date of the Transfers, indebted; and/or

      (b)    resulted in the Debtors receiving less than reasonably equivalent value in exchange for the Transfers, and (i) the Debtors were insolvent at the time

the Transfers were made or became insolvent as a result of the Transfers, (ii) the Debtors were engaged or were about to engage in business or a transaction for which their remaining capital was unreasonably small, and/or (iii) the Debtors intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

23. The estate and creditors of the Debtors have been damaged as a result of the Transfers.

24. The Trust is entitled to avoid the Transfers under 11 U.S.C. § 548(a)(1) and to recover the Transfers, or the value thereof, under 11 U.S.C. § 550(a)(1).

## COUNT III
### (Avoidance of Transfer as Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and 550, UFCA § 4 and UFTA § 5(a))

25. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 24 of this Complaint.

26. Upon information and belief, the Transfers constitute a fraudulent transfer within the meaning of 11 U.S.C. §§ 544 and 550, UFCA § 4 and UFTA § 5(a), in that they:

  (a) were made with actual intent to hinder, delay or defraud entities to whom the Debtors were or became, on or after the date of the Transfers, indebted; and/or

  (b) resulted in the Debtors receiving less than reasonably equivalent value and/or fair consideration in exchange for the Transfers, and (i) the Debtors were insolvent at the time of the Transfers or became insolvent as a result of the Transfers, (ii) the Debtors were engaged in business and/or in business transactions for which the Debtors' remaining capital was unreasonably small, and/or (iii) the Debtors intended to incur, or reasonably should have believed that they would incur, debts beyond their ability to repay as they become due.

27. Accordingly, the Trust may avoid the Transfers under 11 U.S.C. § 544 and applicable non-bankruptcy law and may recover the Transfers and other damages from Defendant pursuant to 11 U.S.C. § 550 and applicable non-bankruptcy law.

## COUNT IV
### (Disallowance of Claims)

28. The Trust restates and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 27 of this Complaint.

29. Section 502(d) of the Bankruptcy Code provides that:

> [n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).

30. Any claim(s) of the Defendant against the Debtors must be disallowed under Section 502(d) of the Bankruptcy Code until the Defendant pays to the Trust the value of the Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trust respectfully requests that the Court:

A. Enter judgment in favor of the Trust on Count I, avoiding and recovering the Transfers as a preferential transfer under 11 U.S.C. §§ 547 and 550;

B. Enter judgment in favor of the Trust on Count II, avoiding and recovering the Transfers as fraudulent transfers under 11 U.S.C. §§ 548 and 550;

C. Enter judgment in favor of the Trust on Count III, avoiding and recovering the Transfers as fraudulent transfers under 11 U.S.C. §§ 544 and 550 and UFCA § 4 and UFTA § 5(a);

D. Enter judgment in favor of the Trust on Count IV, disallowing any claim(s) of the Defendant against the Debtors pursuant to 11 U.S.C. § 502(d);

E.  Award pre-judgment interest and the cost of this adversary proceeding, including reasonable attorneys' fees, to the Trust through and including trial and any subsequent appeal; and

F.  Grant such further relief to the Trust as the Court deems equitable and just.

**THE CTC LITIGATION TRUST**

By its attorneys,

Mark Minuti (No. 2659)
Linda Richenderfer (No. 4138)
Chad J. Toms (No. 4155)
Patrick J. Reilley (No. 4451)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800

-and-

William R. Baldiga
Robert L. Harris
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: September 30, 2004

# EXHIBIT "A"

| | | | | |
|---|---|---|---|---|
| TELECOM REALTY, LLC | | | | |
| TELECOM REALTY, LLC | 10/01/01 | 71858 | 09/27/01 | 162,569.80 |
| TELECOM REALTY, LLC | 11/01/01 | 73806 | 10/31/01 | 162,569.80 |
| TELECOM REALTY, LLC | 12/01/01 | 75320 | 11/30/01 | 162,569.80 |
| TELECOM REALTY, LLC | 01/01/02 | 76269 | 01/02/02 | 162,569.80 |
| TELECOM REALTY, LLC | 02/01/02 | 78414 | 01/31/02 | 162,569.80 |
| TELECOM REALTY, LLC | 03/01/02 | 79800 | 03/01/02 | 162,569.80 |
| TELECOM REALTY, LLC | 04/01/02 | 80705 | 04/01/02 | 162,569.80 |
| TELECOM REALTY, LLC | 04/23/02 | 82104 | 04/23/02 | 42,000.00 |
| TELECOM REALTY, LLC | 05/01/02 | 82240 | 04/26/02 | 167,148.80 |
| TELECOM REALTY, LLC | 06/01/02 | 83865 | 05/31/02 | 167,148.80 |
| TELECOM REALTY, LLC | 07/01/02 | 84671 | 06/28/02 | 164,410.71 |
| TELECOM REALTY, LLC | 07/23/02 | 86143 | 07/23/02 | 43,270.26 |
| TELECOM REALTY, LLC | 07/01/02 | 86444 | 08/01/02 | 9,843.95 |
| TELECOM REALTY, LLC | 08/01/02 | 86444 | 08/01/02 | 174,254.66 |
| TELECOM REALTY, LLC | 09/01/02 | 87068 | 08/26/02 | 174,254.66 |
| **Total 12-Month Preference Period:** | | | | **2,080,320.44** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CTC COMMUNICATIONS GROUP, INC., et al., | ) | Case No. 02-12873 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF DISPUTE RESOLUTION ALTERNATIVES

As party to litigation you have a right to adjudication of your matter by a judge of this Court. Settlement of your case, however, can often produce a resolution more quickly than appearing before a judge. Additionally, settlement can also reduce the expense, inconvenience, and uncertainty of litigation.

There are dispute resolution structures, other than litigation, that can lead to resolving your case. Alternative Dispute Resolution (ADR) is offered through a program established by this Court. The use of these services are often productive and effective in settling disputes. **The purpose of this Notice is to furnish general information about ADR.**

The ADR structures used most often are mediation, early-neutral evaluation, mediation/arbitration and arbitration. In each, the process is presided over by an impartial third party, called the "neutral".

In mediation and early neutral evaluation, an experienced neutral has no power to impose a settlement on you. It fosters an environment where offers can be discussed and exchanged. In the process, together, you and your attorney will be involved in weighing settlement proposals and crafting a settlement. The Court in its Local Rules requires all ADR processes, except threat of a potential criminal action, to be confidential. You will not be prejudiced in the event a settlement is not achieved because the presiding judge will not be advised of the content of any of your settlement discussions.

Mediation/arbitration is a process where you submit to mediation and, if it is unsuccessful, agree that the mediator will act as an arbitrator. At that point, the process is the same as arbitration. You, through your counsel, will present evidence to a neutral, who issues a decision. If the matter in controversy arises in the main bankruptcy case or arises from a subsidiary issue in an adversary proceeding, the arbitration, though voluntary, may be binding. If a party requests *de novo* review of an arbitration award, the judge will rehear the case.

**Your attorney can provide you with additional information about ADR and advise you as to whether and when ADR might be helpful in your case.**

Dated: September 30, 2004

/s/ David D. Bird
*Clerk of Court*

494065.1 9/30/04

# 05 CV 1 1 1 2 9 PBS

**BRIEFDue, MULTI-CAUSE, MEDRPTDue**

## U.S. Bankruptcy Court
## District of Delaware (Delaware)
### Adversary Proceeding #: 04-55729-PBL
### Internal Use Only

Date 5-27-05
By CMG
Deputy Clerk

*Assigned to:* Paul B. Lindsey
*Related BK Case:* 02-12873
*Related BK Title:* CTC Communications Group, Inc.
*Demand:* $2081000
*Nature of Suit:* 454

*Date Filed:* 09/30/04

MAGISTRATE JUDGE Collings

**Plaintiff**
-----------------------

**The CTC Litigation Trust**            represented by **Chad Joseph Toms**
                                        Saul Ewing LLP
                                        222 Delaware Ave.
                                        Suite 1200
                                        P.O. Box 1266
                                        Wilmington, DE 19899
                                        302-421-6895
                                        Fax : 302-421-5888
                                        Email: ctoms@saul.com

V.

**Defendant**
-----------------------

**Telecom Realty, LLC,**                represented by **Brian A. Sullivan**
                                        Werb & Sullivan
                                        300 Delaware Avenue
                                        10th Floor
                                        P.O. Box 25046
                                        Wilmington, DE 19899
                                        usa
                                        302-652-1100
                                        Fax : 302-652-1111
                                        Email: bsullivan@werbsullivan.com

**Mediator**
-----------------------

**William P. Bowden**
Ashby & Geddes
222 Delaware Avenue
17th Floor
P. O. Box 1150
Wilmington, DE 19899

| Filing Date | # | Docket Text |
|---|---|---|
| 09/30/2004 | 1 | Complaint *To Avoid And Recover Preferential Transfers And For Other Relief* by The CTC Litigation Trust against Telecom Realty, LLC,. Fee Amount $150 Nature of Suit: 454 (Recover Money/Property). AP Summons Served due date: 1/28/2005. (Attachments: # 1 Exhibit A# 2 Notice) (Toms, Chad) (Entered: 09/30/2004) |
| 09/30/2004 | 2 | Receipt of filing fee for Complaint(04-55729-PJW) [cmp,cmp] ( 150.00). Receipt Number 1691965, amount $ 150.00. (U.S. Treasury) (Entered: 09/30/2004) |
| 10/07/2004 | | Flags Set-Reset (SDA, ) (Entered: 10/07/2004) |
| 10/08/2004 | 3 | Order Reassigning Adversary Proceedings to the Honorable Paul B. Lindsey. Order Signed on 10/8/04. (Attachments: #(1) Exhibit A) (LCN, ) (Entered: 10/08/2004) |
| 10/08/2004 | 4 | Judge Paul B. Lindsey added to case. Involvement of Judge Peter J. Walsh Terminated . (LCN, ) (Entered: 10/08/2004) |
| 11/16/2004 | 5 | Summons and Notice of Pretrial Conference Served on Defendant Telecom Realty, LLC,. (related document1 ) Pretrial Conference set for 2/25/2005 at 09:00 AM at US Bankruptcy Court, 824 Market St., Room 309, Wilmington, Delaware. Answer due date: 12/16/2004. (Attachments: # 1 Certificate of Service) (Toms, Chad) (Entered: 11/16/2004) |
| 11/16/2004 | 6 | Notice of Service *of Plaintiff's Initial Disclosures* Filed by The CTC Litigation Trust. (Attachments: # 1 Certificate of Service) (Toms, Chad) (Entered: 11/16/2004) |
| 11/16/2004 | 7 | Notice of Service *of Discovery* Filed by The CTC Litigation Trust. (Attachments: # 1 Certificate of Service)(Toms, Chad) (Entered: 11/16/2004) |

| | | |
|---|---|---|
| 12/15/2004 | 8 | Answer to Complaint *to Avoid and Recover Preferential Transfers and for Other Relief* Filed by Telecom Realty, LLC,. (Attachments: # 1 Certificate of Service)(Sullivan, Brian) (Entered: 12/15/2004) |
| 02/16/2005 | 9 | Motion to Appear pro hac vice. Receipt Number 137659, Fee Amount $25. Filed by Telecom Realty, LLC,. (Attachments: # 1 Certificate of Service) (Sullivan, Brian) (Entered: 02/16/2005) |
| 02/16/2005 | 10 | Motion to Appear pro hac vice. Receipt Number 137659, Fee Amount $25. Filed by Telecom Realty, LLC,. (Attachments: # 1 Certificate of Service) (Sullivan, Brian) (Entered: 02/16/2005) |
| 02/16/2005 | 11 | Entry of Appearance in Adversary Proceeding. Filed by Telecom Realty, LLC,. (Attachments: # 1 Certificate of Service)(Sullivan, Brian) Modified on 2/18/2005 (BMG, ). (Entered: 02/16/2005) |
| 02/17/2005 | 12 | Notice of Agenda of Matters Scheduled for Hearing *Notice of Agenda of Matters Scheduled for Hearing on Friday, February 25, 2005 at 9:00 a.m.*. Hearing scheduled for 2/25/2005 at 09:00 AM at U.S. Bankruptcy Court, District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801. (Toms, Chad) (Entered: 02/17/2005) |
| 02/17/2005 | 13 | Status Report *Notice of Status Report for Hearing on Friday, February 25, 2005 at 9:00 a.m.*. (Toms, Chad) (Entered: 02/17/2005) |
| 02/17/2005 | 14 | Order Granting Motion for Admission pro hac vice of Brendan C. Recupero. (Related Doc # 9) Order Signed on 2/17/2005. (BJM) (Entered: 02/17/2005) |
| 02/17/2005 | 15 | Order Granting Motion for Admission pro hac vice of William R. Moorman, Jr. (Related Doc # 10) Order Signed on 2/17/2005. (BJM) (Entered: 02/17/2005) |
| 02/17/2005 | 16 | Certificate of Service *(related to Notice of Agenda of Matters Scheduled for Hearing on Friday, February 25, 2005 at 9:00 a.m.)*. (Toms, Chad) (Entered: 02/17/2005) |
| 02/17/2005 | 17 | Certificate of Service *(related to Notice of Status Report for Hearing on Friday, February 25, 2005 at 9:00 a.m.)*. (Toms, Chad) (Entered: 02/17/2005) |
| 02/23/2005 | 18 | Motion to Appear pro hac vice *Motion and Order for Admission Pro Hac Vice (Daniel J. Saval)*. Receipt Number 138208, Fee Amount $25.. (Minuti, Mark) (Entered: 02/23/2005) |

| 02/25/2005 | ●19 | Certification of Counsel *Certification of Counsel Regarding Scheduling Order*. (Toms, Chad) (Entered: 02/25/2005) |
|---|---|---|
| 02/28/2005 | ●20 | Order Granting Motion for Admission pro hac vice of Daniel J. Saval. Order Signed on 2/24/2005. (BJM) (Entered: 02/28/2005) |
| 03/03/2005 | ●21 | Scheduling Order. Signed on 3/1/2005. (LCN, ) (Entered: 03/03/2005) |
| 03/07/2005 | ●22 | Certificate of Service *(related to Order Granting Motion and Order for Admission Pro Hac Vice for Daniel J. Saval)*. (Toms, Chad) (Entered: 03/07/2005) |
| 03/08/2005 | ●23 | Certificate of Service *(related to Scheduling Order)*. (Ryan, Jeremy) (Entered: 03/08/2005) |
| 03/15/2005 | ●24 | Stipulation Regarding Appointment of Mediator Between *The CTC Litigation Trust* and *Telecom Realty, LLC*. Filed by The CTC Litigation Trust (Toms, Chad) (Entered: 03/15/2005) |
| 03/16/2005 | ●25 | Order Assigning Adversary Proceeding to Mediation and Setting Mediation Deadlines. William P. Bowden, Esq. is Appointed as the Mediator in this Adversary Proceeding. Trial date set for 6/21/2005 at 09:00 AM at US Bankruptcy Court, 824 Market St., 5th Fl., Courtroom #5, Wilmington, Delaware. Mediation Report due by 5/15/2005. Signed on 3/16/2005. (BMG, ) (Entered: 03/16/2005) |
| 03/17/2005 | ●26 | Certificate of Service (related document(s)25 ) Filed by The CTC Litigation Trust (Toms, Chad) (Entered: 03/17/2005) |
| 04/08/2005 | ●27 | Status Report G - Mediation Report Due. (Toms, Chad) (Entered: 04/08/2005) |
| 05/02/2005 | ●28 | Joint Motion to Transfer Adversary To Another District *****Joint Motion To Transfer Venue To the United States District Court for the District of Massachusetts*********** Filed by Telecom Realty, LLC,. (Attachments: # 1 Certificate of Service) (Sullivan, Brian) (Entered: 05/02/2005) |
| 05/23/2005 | ●29 | Status I - Dispositive Motions Pending. (Toms, Chad) (Entered: 05/23/2005) |

| 05/24/2005 | 30 | Order (WITH REVISIONS OF THE COURT) on Joint Motion To Transfer Venue To the United States District Court for the District of Massachusetts Signed on 05/17/2005. (Related Doc # 28) (DKF, ) (Entered: 05/24/2005) |
|---|---|---|
| 05/24/2005 | 31 | Transmittal Letter To The United States District Court For The District Of Massachusetts. (related document(s)30, 28 ) (BMG, ) (Entered: 05/24/2005) |

CERTIFIED:
AS A TRUE COPY: 5/24/05
ATTEST:
DAVID D. BIRD, CLERK
U.S. BANKRUPTCY COURT

BY: _____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: CTC COMMUNICATIONS GROUP, INC., CTC COMMUNICATIONS CORP., CTC COMMUNICATIONS OF VIRGINIA, INC., AND CTC COMMUNICATIONS LEASING CORP.,<br><br>Debtors. | Chapter 11<br>Case. No. 02-12873-PJW<br>(Jointly Administered) |
| CTC LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>TELECOM REALTY, LLC,<br><br>Defendant. | ADVERSARY PROCEEDING NO. 04-55729-PBL |

**ORDER ON JOINT MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

This matter came before the Court upon the *Joint Motion to Transfer Venue to the United Stated District Court for the District of Massachusetts* pursuant to Fed. R. Bankr. P. 7087 and 28 U.S.C. §§ 1409 and 1412. This Court, having considered the Motion, the request of the parties, and the record of the proceedings, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Venue of this adversary proceeding is hereby transferred to the United States District Court for the District of Massachusetts.

2. ~~Upon transfer to the United States District Court for the District of Massachusetts, this adversary proceeding shall be consolidated with the prior pending action captioned CTC Litigation Trust v. Telecom Realty, LLC, Case No. 04-10811-GAO.~~

Entered at Wilmington, Delaware as an Order of this Court this ___ day of _May_, 2005.

Honorable Paul B. Lindsay
United States Bankruptcy Judge

CERTIFIED:
AS A TRUE COPY:
ATTEST: 5/24/05
DAVID D. BIRD, CLERK
U.S. BANKRUPTCY COURT

BY: _Barbara M. Gray_
Deputy Clerk

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
CTC LITIGATION TRUST

### DEFENDANTS
TELECOM REALTY, LLC

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____