UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CTC LITIGATION TRUST, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 05-11129-PBS ) |
| TELECOM REALTY, LLC, | ) ) |
| Defendant. | ) ) ) |

**JOINT MOTION TO CONSOLIDATE**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Rule 40.1(J) of the United States District Court for the District of Massachusetts, the Plaintiff, the CTC Litigation Trust (the "Trust") and the Defendant, Telecom Realty, LLC ("Telecom Realty") (collectively, the "Parties"), hereby move this Court for an order consolidating the above-captioned case with a related case, The CTC Litigation Trust v. Telecom Realty, LLC, Civil Action No. 04-CV-10811 (GAO). As grounds for this joint motion (the "Joint Motion"), the Parties state that the avoidance actions, both of which arise under Chapter 5 of the Bankruptcy Code, feature common issues of fact and law. Therefore, in the interest of judicial economy and efficiency, these actions should be consolidated.

In further support of this Joint Motion, the Parties state as follows:

**I.     FACTUAL BACKGROUND**

1.     Pursuant to CTC's plan of reorganization,[1] the Trust is authorized to, among other things, resolve, liquidate and realize upon certain assets as the successor to and representative of

---

[1] On October 3, 2002 (the "Petition Date"), CTC filed a voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as

- 1 -

the CTC's bankruptcy estates. These assets include, without limitation, certain causes of action arising under Chapter 5 of the Bankruptcy Code.

2.  On or about March 12, 2004, the Trust filed its Verified Complaint against Telecom Realty in the Suffolk County Superior Court (the "State Court Action"). By the Verified Complaint, the Trust sought to avoid and recover certain sums of money and other assets allegedly transferred to Telecom Realty and relating to that certain Lease by and between Telecom Realty, as landlord, and CTC Communications Corp., ("CTC"), as tenant, dated as of May 22, 2000 as alleged fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550, and M.G.L. c. 109A.

3.  The State Court Action was subsequently removed to this Court by notice dated April 23, 2004. Telecom Realty filed its Answer to the Verified Complaint on or around May 5, 2004. Telecom Realty has commenced discovery in this action.

4.  On or around September 22, 2004, the Trust, Telecom Realty and CTC's Plan Representative entered into a certain Stipulation Regarding Adjudication of Telecom Realty Claim (the "Claim Stipulation") in connection with CTC's chapter 11 cases (the "Bankruptcy Case"). Pursuant to the Claim Stipulation, Telecom Realty agreed to adjudicate its proof of claim (No. 493) (the "Telecom Claim") filed in the Bankruptcy Case before this Court.

5.  On or around October 3, 2004, the Trust commenced an action against Telecom Realty in the United States Bankruptcy Court for the District of Delaware. In this case, the Trust asserted claims to avoid and recover certain alleged transfers relating to the Lease as either preferences pursuant to 11 U.S.C. §§ 547 and 550 or alleged fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 (the "Preference Action"). On May 2, 2005, the Parties filed a Joint

---

amended (the "Bankruptcy Code"). The Trust was created pursuant to CTC's Second Amended Joint Plan of Reorganization (the "Plan"). The Plan was confirmed by an order of the Bankruptcy Court dated November 20, 2003, and became effective as of December 16, 2003.

Motion to Transfer Venue to the United States District Court for the District of Massachusetts in the Preference Action. By order dated May 27, 2005, the Preference Action was transferred to the United States District Court for the District of Massachusetts.

## II. ARGUMENT

6. Rule 42(a) of the Federal Rules of Civil Procedure provides in part:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Rule 42(a) is designed to encourage consolidation where a common question of law or fact is present. See In re Lemery Bldg. Co., 2005 BNH 16 (Bankr. D.N.H. 2005) (Rule 42 provides that related cases are those which: arise from substantially the same transaction or event; involve substantially the same parties or property;. . . call for resolution of substantially the same questions of law; or would entail substantial duplication of labor if heard by different judges.) Ultimately, the Court is given broad discretion with respect to consolidation. See Arroyo v. Chardon, 90 F.R.D. 603, 605 (D.P.R. 1981).

7. The purpose of a consolidation is to avoid: (1) overlapping trials containing duplicative proof; (2) excess cost incurred by all parties; (3) the waste of valuable court time in the trial of repetitive claims; and (4) the burden placed on a new judge in gaining familiarity with the case. See In re Viatron Computer Systems Corp. Litigation, 86 F.R.D. 431 (D. Mass. 1980).

8. Here, consolidation of the cases at issue would be consistent with the purpose of Rule 42, as there are common issues of law and fact. For example, the parties are identical in both cases and the disputes arise out of the same general nucleus of common facts. Moreover, CTC's solvency and the avoidability of certain alleged transfers are primary issues of law to be adjudicated in both proceedings. Therefore, in view of these circumstances, it would create

needless expense and inefficiency to resolve such issues, which are relevant to the preference and fraudulent transfer claims, in separate proceedings.

### III.    CONCLUSION

WHEREFORE, the Parties respectfully request that this Court (i) grant the Joint Motion; (ii) enter an order consolidating The CTC Litigation Trust v. Telecom Realty, LLC, Civil Action No. 05-CV-11129 (PBS) under The CTC Litigation Trust v. Telecom Realty, LLC, Civil Action No. 04-CV-10811 (GAO); and (iii) such other and further relief as it deems just under the circumstances.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **TELECOM REALTY, LLC** | **THE CTC LITIGATION TRUST** |
| By its attorneys, | By its attorneys, |
| /s/ Brendan C. Recupero | /s/ Robert L. Harris |
| William R. Moorman, Jr. (BBO #548593) | William R. Baldiga (BBO #542125) |
| Brendan C. Recupero (BBO #645032) | Robert L. Harris (BBO #644829) |
| Craig and Macauley | Brown Rudnick Berlack Israels LLP |
|    Professional Corporation | One Financial Center |
| Federal Reserve Plaza | Boston, MA  02111 |
| 600 Atlantic Avenue | (617) 856-8200 |
| Boston, MA  02210 | |
| (617) 367-9500 | |

Dated:  July 7, 2005